## IN THE COURT OF APPEALS OF IOWA

No. 17-1029
Filed June 20, 2018

IN RE THE MARRIAGE OF GEORGE G. MRLA, JR.
AND ANGELA M. MRLA

Upon the Petition of
**GEORGE G. MRLA, JR.,**
        Petitioner-Appellee,

**And Concerning**
**ANGELA M. MRLA,**
        Respondent-Appellant.

_____

        Appeal from the Iowa District Court for Woodbury County, Edward A. Jacobson, Judge.

        Appeal from the property division provisions of a decree of dissolution.

**AFFIRMED AND REMANDED.**

        R. Scott Rhinehart of Rhinehart Law, P.C., Sioux City, for appellant.

        Ellen C. Tolsma and James W. Redmond of Heidman Law Firm, P.L.L.C., Sioux City, for appellee.

        Considered by Doyle, P.J., and Tabor and McDonald, JJ.

**MCDONALD, Judge.**

This case arises out of the dissolution of four-year marriage between Angela and George Mrla. On appeal, Angela challenges the district court's division of the parties' property, contending the district court failed to equitably divide the property. She also seeks trial and appellate attorney fees. We review dissolution of marriage proceedings de novo. *See In re Marriage of Kimbro*, 826 N.W.2d 696, 698 (Iowa 2013).

The trial record shows Angela and George married in 2011. Prior to that time, they cohabited along with Angela's two children. During the marriage, George farmed his own land and worked as a self-employed truck driver, a business he started shortly after the parties married. Angela and George separated in 2015. At trial, the parties identified over one million dollars in assets and over two-hundred and thirty thousand dollars in liabilities at issue. In particular, the parties contested whether and to what extent Angela was involved in the startup and operation of George's trucking business and whether the business was property subject to division. The district court received the parties' evidence and nominally divided the parties' property. Angela filed a motion to enlarge or amend the decree. In her motion, Angela contended the district court failed to identify many of the assets and liabilities, failed to value the parties' assets and liabilities, and failed to divide all of the property at issue. The district court denied the motion, and Angela timely filed this appeal.

This decree is fatally flawed and incapable of meaningful appellate review. De novo review is distinct from trial de novo. *See In re Marriage of Huston*, 263 N.W.2d 697, 699 (Iowa 1978). "[T]his is a court of review, without original

jurisdiction to 'retry' dissolution proceedings." *Id.* It is the district court that must make an initial determination of the disputed factual issues. *See In re Marriage of Keener*, 728 N.W.2d 188, 193 (Iowa 2007). "Before dividing the marital property, a court must identify all of the assets held in the name of either or both parties as well as the debts owed by either or both of them. The assets should then be given their value as of the date of trial. The purpose of determining the value is to assist the court in making equitable property awards and allowances." *Id.* We will generally defer to the district court's determinations of property value so long as they are within the range of evidence presented at trial. *See In re Marriage of Hansen*, 733 N.W.2d 683, 703 (Iowa 2006). The district court should then equitably divide the property.

Here, the district court did not make a determination regarding the disputed factual issues. At trial, the parties identified numerous contested assets and liabilities. The decree does not identify all of the parties' assets and liabilities. The parties submitted extensive evidence regarding the value of the parties' property, including their affidavits of financial status and expert testimony regarding the value of George's trucking business. The district court failed to value any of the parties' property, stating, "It is difficult or impossible to place a value on any of the assets listed on the parties' financial statements." The mere fact that the parties contested the value of certain property does not render it impossible to find a value based on the evidence. The district court then nominally divided the property without valuing any of it and without determining whether any equalization payment was required. We say "nominally divided" because it does not appear the district court actually divided all of the property at issue.

Under the circumstances, we cannot exercise appellate review over the property division. We thus vacate the property division in the decree and remand this matter to the district court to identify the parties' property subject to division, to determine a value for all of the property based on the evidence admitted at trial, and to equitably divide the property. *See In re Marriage of Locke*, 246 N.W.2d 246, 254 (Iowa 1976) (remanding because "it is not possible to determine what factors the trial court considered in arriving at a property division" which made it impossible to "assess the trial court's determination let alone any wrongs therein."); *see also In re Marriage of Kinser*, No. 11-0169, 2012 WL 3194088, at *3 (Iowa Ct. App., Aug. 8, 2012) (remanding for an item-by-item assessment of the value of marital assets and debts). We do not retain jurisdiction.

Angela also contends the district court abused its discretion in denying her claim for trial attorney fees. *See Kimbro*, 826 N.W.2d at 698. "The court has considerable discretion in awarding attorney fees." *In re Marriage of Schenkelberg*, 824 N.W.2d 481, 488 (Iowa 2012). This includes expert fees. *See id.* Angela argues the district court erred in failing to award her trial attorney and expert fees because it "ignored the expert testimony . . . and failed to consider the extensive attorney fees based upon the extensive efforts Appellant had to go through to complete discovery." The district court concluded each party would pay their own fees. We cannot say this was unreasonable given the trial testimony about expenses and the district court's full knowledge of the discovery proceedings in this case. We find there was no abuse of discretion.

Finally, we address appellate attorney fees. Both parties request they be awarded their legal fees on appeal. "Appellate attorney fees are not a matter of

right, but rather rest in this court's discretion. In determining whether to award appellate attorney fees, we consider the needs of the party seeking the award, the ability of the other party to pay, and the relative merits of the appeal." *In re Marriage of McDermott*, 827 N.W.2d 671, 687 (Iowa 2013). After considering the parties' financial circumstances, we find equity warrants an award of appellate attorney fees to Angela in the amount of $7125.

**AFFIRMED AND REMANDED.**